ERNEST NAPIER, APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Argued July 2, 1917—Decided November 19, 1917.

1. The legislature cannot constitutionally enact a law, either as an original act or for the purpose of altering or amending the charter of a railroad company, which, in effect, will take from the railroad company its property, without providing just compensation therefor; and such enactment is unconstitutional, irrespective of whether or not the charter of such railroad contains a

reservation of power by the legislature to alter, amend or repeal the charter. *Delaware, Lackawanna and Western Railroad Co.* v. *Public Utility Board,* 85 *N. J. L.* 28, followed.

2. The amendment of 1915 (*Pamph. L., p.* 772) to the charter of the Morris and Essex Railroad Company, requiring the railroad company to carry certain state officers and employes free of charge, is unconstitutional in so far as it attempts to impose upon the company the duty to carry a member of the board of fish and game commissioners, while traveling on official business, without the payment of fare.

On appeal from the Supreme Court.

For the appellant, *John W. Wescott,* attorney-general, and *Josiah Stryker.*

For the respondent, *Walter J. Larrabee.*

The opinion of the court was delivered by

KALISCH, J. Ernest Napier, a member of the board of fish and game commissioners of New Jersey, boarded a train of the respondent company, at Orange, for the purpose of traveling on official business to Hackettstown. His fare being demanded, he tendered the conductor a certificate which had been issued to him by the secretary of state, pursuant to chapter 194 of the laws of 1914, conferring upon him the right as such official during the term of his office to pass and repass without payment of fare, over any and all railroads in the State of New Jersey, within the borders of this state, and demanded to be transported free of charge. The conductor refused to honor the certificate, and payment of fare being refused by the appellant, he was ejected from the train without the use of unnecessary force.

The appellant brought his action in the court below to recover damages from the respondent company, basing his claim of recovery upon the ground that by virtue of the certificate issued to him he was entitled to ride on respondent's train without payment of fare, hence his expulsion was unlawful, entitling him to damages.

The case was tried before Judge Adams, sitting without a

jury, who found the facts substantially, as above stated, and gave judgment for the defendant company.

This appeal involves a consideration of the constitutionality of the act entitled "An act to amend an act entitled 'A further supplement to the act entitled "An act to incorporate the Morris and Essex Railroad Company," passed January twenty-ninth, eighteen hundred and thirty-five,' " which supplement was approved February nineteenth, eighteen hundred and fifty-one. Approved April 23d, 1915. *Pamph. L., p. 772.*

The amendment requires railroad companies to carry certain state officers and employes free of charge. The constitutionality of a like amendment was raised and decided in *Delaware, Lackawanna and Western Railroad Co.* v. *Public Utility Board (Supreme Court),* 85 *N. J. L.* 28, the court holding the amendment to be unconstitutional, in so far as it required railroad companies to convey a member of the New Jersey state water supply commission free of charge; and in *Pennsylvania Railroad Co.* v. *Herrmann,* 88 *Id.* 526, where the Supreme Court held that it was valid legislation, in so far as the amendment of 1914 related to carrying the secretary to the governor free of charge, basing the decision upon the ground that the secretary to the governor is within the class of state officials that the legislature, in the exercise of its reserved power, and as a matter of public policy, was constitutionally entitled to require should be carried free. On appeal, however, to this court (89 *Id.* 582), the judgment of the Supreme Court was reversed. This court, speaking through Mr. Justice Garrison (on *p.* 583), said: "In its legal aspects the case thus presented is identical with that of Hoagland passed upon by the Supreme Court in *Delaware, Lackawanna and Western Railroad Co.* v. *Public Utilities Board, supra.* * * * The question was the constitutionality of this requirement. The Supreme Court held that inasmuch as the office in question was not within the charter contract of the railroad company, the requirement of a later statute for the free carriage of the official in question was a taking of the property of the stockholders of the railroad company without compensation or due process of law, which was not justified as

a valid exercise either of the police power or of the reserved rights of the legislature."

"In this conclusion we concur and think that the present case upon the same grounds the similar statutory requirement as to the free carriage of the secretary to the governor is likewise unconstitutional."

Counsel for appellant argue that the Herrmann case is not *stare decisis* on the question raised here, because the charter of the roads operated by the Pennsylvania Railroad Company contained no reserved right to alter, amend or repeal the same, and, therefore, anything said by this court in that case with reference to the extent of the reserved power is *obiter dicta.*

Counsel have evidently overlooked the fact that in the Hoagland case, which is cited with approval by this court, the question of the reserved right of the state to enact the species of legislation, under discussion, by virtue of the clause contained in the original charter of the Morris and Essex railroad (which railroad, the respondent in this case, is operating as lessee), and the supplement thereto, and by which the legislature reserved the right to alter, amend or repeal the same, was raised and passed upon by the Supreme Court.

The contention of the board of public utilities in that case was that the amendment under review was binding upon the railroad companies as an exercise of the reserved right of the legislature contained either in the special charters of the constituent lines or in the General Railroad law.

And precisely the same contention is made, by counsel for appellant, in the present case, upon a like state of facts as existed in the Hoagland case, and under the same charter and supplements thereto.

Although the contention of counsel for appellant in a strict technical sense be correct that in the Hermann case there was no power reserved in the charter to alter, amend or repeal the same, under which the railroad was operating, we cannot overlook the fact that the broad question as to the power of the legislature to enact legislation which takes from the railroad company its property without the due process of law was, on the facts of the case, directly involved.

We are unable to perceive any substantial difference, in a legal aspect, between the taking of property of a railroad company, without due process of law, which has a provision in its charter to alter, amend or repeal the same and the taking of property of a railroad company where no such provision exists in its charter.

In neither case can the legislature constitutionally enact a law, either as an original act or for the purpose of altering or amending the charter of a railroad company, which, in effect, will take from the railroad company its property without providing compensation therefor. The amendment seeks to deprive the railroad company without due process of law of its property right to collect a fare from the appellant, which is in effect taking the railroad company's property without just compensation, and therefore the amendment is not only violative of the fourteenth amendment of the constitution of the United States, but also of paragraph 16 of article 1 of the constitution of the State of New Jersey.

We are, therefore, content to rest the disposition of this case upon the reasoning of Mr. Justice Garrison, in the Hoagland case, on pages 32 and 33, where, in discussing the limitation on the reserved right of the legislature to alter, amend or repeal the railroad charter, he says "that it is not so narrow as to preclude substantial regulation of the right previously granted if required for the public good, and that it is not so broad as to justify the arbitrary imposition for alien purposes of provisions not regulative in character and for the public good that conflict with or substantially impair such right. * * *

"In cases of the repeal or suspension of charters, the public good is the sole criterion, but in cases of their alteration, with which alone we have to deal, an added requirement is that such alteration shall bear such relation to the original charter as to be in effect regulative of the rights and duties thereby conferred or imposed."

The views herein expressed lead to the conclusion that the amendment of 1915, in so far as it attempts to impose upon the respondent the duty to carry a member of the board of fish

and game commissioners, while traveling on official business of the state, over its lines or railway in this state, without the payment of fare, is unconstitutional.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, JJ.   11.

*For reversal*—None.